HARRY ROSENBERG v. IRENE REISMAN.

Decided March 14, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the appellant, *William Charlton.*

For the respondent, *Louis M. Mallin.*

PER CURIAM.

The present suit was brought by the plaintiff, Rosenberg, to recover commissions which he claimed to be due him under a written contract entered into between him and the defendant, Irene Reisman. The contract authorized the plaintiff to secure a building and loan mortgage for the defendant upon a tract of land in Atlantic City in the amount of $50,000 within a period of thirty days from the date of the agreement, and provided that, in consideration of the securing of said mortgage, the defendant would pay to the plaintiff the sum of $1,500 in cash at the time of the mortgage settlement, and, further, that in the event of her refusal to execute the mortgage after the contract had been performed by the plaintiff and the loan secured by him, she would pay him the said sum of $1,500 for his services. The plaintiff's cause of action was based upon the averment that he had performed his part of this contract by obtaining the loan, and that, after having done so, the defendant refused to pay him the consideration agreed upon between them.

The defense set up in the answer was that Mrs. Reissman's daughter, Bella, had charge of all her business transactions;

that the contract upon which the present suit is based was handed to Bella by one Schlesinger, who she supposed represented the plaintiff; that her daughter brought it to her, and that she assumed that it was all right, the daughter having assured her that this was so, and, consequently, signed it without reading it; that she never agreed, prior to the signing of the contract, that she would pay any compensation for obtaining the mortgage unless the loan that it was intended to secure was actually accepted by her and the money paid to her, and that, on the contrary, it was agreed between her and Schlesinger that no commission or compensation should be paid by her in case she concluded not to accept the loan; and that she signed the contract which is the subject-matter of the suit on the faith of the representation made by Schlesinger that it contained such a provision.

A motion was made to strike out the answer upon the ground that it was sham, without legal merit, and filed only for the purpose of delay. The matter came on to be heard on affidavits submitted by the respective parties and testimony of the defendant taken by the plaintiff. The defendant's daughter was her principal witness. She testified that her mother was having trouble with relation to the extension of the time of payment of a $60,000 mortgage upon her property, which was nearly due; that she went to the Chelsea Deposit and Trust Company for the purpose of making a deposit, and that while there Schlesinger, who was a note teller in the bank, asked her why she was looking so downcast; that she told him that her mother needed a mortgage on her property for $50,000, and that she, the daughter, was trying to get that mortgage, with the idea of having the then existing mortgagee, who held the $60,000 mortgage, take $50,000 on account of the principal thereof and accept a second mortgage of $10,000 to secure the balance; that then Schlesinger said to her that he thought he could secure a mortgage of that amount for her mother, and that some days later he came to the mother's house and handed this contract to her, the daughter, to be executed by the mother; that she then told Schlesinger that, from negotiations that she was

having with the holder of the first mortgage, she did not know whether they would need the mortgage specified in the contract or not, and that, if it was not needed, her mother would not pay any commission, to which Schlesinger replied that all that was taken care of in the paper which he handed her. This witness further testified that, in view of this, she did not read the contract, but took it to her mother and told her to sign it; that her mother did not read it either, but signed it and gave it back to her, and that she then handed it to Schlesinger, assuming that he was the other party to the contract; that some time later the first mortgagee extended the time for the payment of his mortgage, and that she then told Schlesinger that they would not need the $50,000 loan.

At the conclusion of the hearing on the motion to strike out the answer the trial court made an order directing it to be stricken out as sham and ordering the entry of summary judgment in favor of the plaintiff. It is from this order that the defendant has appealed.

We consider that there was legal error in this judicial action. If the facts stated in the affidavit of Bella Reisman are true, her mother was induced to sign this contract by reason of the fraudulent representation of Schlesinger, who, as it appeared to them, was acting in his own behalf in submitting the contract for execution, but who was apparently then acting as the undisclosed representative of the plaintiff, Rosenberg; and, as the signing of that contract by the defendant was procured by the fraud practiced by Schlesinger upon her, if the daughter's testimony is to be believed, then the defendant was under no obligation to pay the commission, and fraud which tends to invalidate a written instrument may be proved by parol testimony. *Margolis* v. *Pinnas,* 124 *Atl. Rep.* 529; 99 *N. J. L.* 515. Whether the story testified to by Bella Reisman was true or not presented a question of fact, to be determined by a jury, and not a question of law, to be decided by the court.

For the reason indicated, the judgment under review will be reversed.